**Original filed 9/26/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRUCE CERNY, | ) | C  05-3892 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| | ) | |
| vs. | ) | |
| | ) | |
| CALIFORNIA BOARD OF PRISON TERMS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket No. 4) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the California Board of Prison Terms' 2003 decision finding him unsuitable for parole.  The parole hearing occurred at the California State Prison - Folsom located in Represa, California.  Petitioner is currently incarcerated at Chuckawalla Valley State Prison in Blythe, California located in Riverside County, which is within the venue of the Central District of California.

On October 14, 2005, the Court transferred the instant petition to the Central District of California, the location of petitioner's confinement.  Venue in a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, the district of confinement is the preferable forum to review the

Order Denying Petitioner's Motion for Reconsideration
P:\pro-se\sj.jf\hc.05\Cerny892recon                    1

1  execution of a sentence, such as a parole denial claim.  See Habeas L.R. 2254-3(a);

2  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Petitioner filed a motion for

3  reconsideration as to the Court's transfer order.

**DISCUSSION**

5  Where the court's ruling has not resulted in a final judgment or order,

6  reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of

7  Civil Procedure, which provides that any order which does not terminate the action is

8  subject to revision at any time before the entry of judgment.  See Fed. R. Civ. P. 54(b).

9  "Reconsideration is appropriate if the district court (1) is presented with newly

10 discovered evidence, (2) committed clear error or the initial decision was manifestly

11 unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 11

12 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

13 In the Northern District of California, no motion for reconsideration may be

14 brought without leave of court.  See Civil L.R. 7-9(a).  Under Civil Local Rule 7-9, the

15 moving party must specifically show: (1) that at the time of the motion for leave, a

16 material difference in fact or law exists from that which was presented to the court

17 before entry of the interlocutory order for which the reconsideration is sought, and that

18 in the exercise of reasonable diligence the party applying for reconsideration did not

19 know such fact or law at the time of the interlocutory order; or (2) the emergence of new

20 material facts or a change of law occurring after the time of such order; or (3) a manifest

21 failure by the court to consider material facts which were presented to the court before

22 such interlocutory order.  See Civil L.R. 7-9(b).

23 The Court concludes that Petitioner has failed to establish any of the criteria set

24 forth above.  Accordingly, Petitioner's motion for reconsideration (docket no. 4) is

25 DENIED.

26 IT IS SO ORDERED.

27 DATED: ___9/21/06___           /s/jeremy fogel
                                  _____
                                  JEREMY FOGEL
28                                United States District Judge

Order Denying Petitioner's Motion for Reconsideration
P:\pro-se\sj.jf\hc.05\Cerny892recon            2

1    A copy of this ruling was mailed to the following:

2

3    Bruce Cerny
     C-21979
     Chuckawalla Valley State Prison
4    P.O. Box 2349
     Blythe, CA  92226

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion for Reconsideration
P:\pro-se\sj.jf\hc.05\Cerny892recon          3